UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUNELL MOBLEY,

    Plaintiff,

v.                                                  Case No. 2:07-cv-227
                                                  HON. R. ALLAN EDGAR

DENISE GERTH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Junell Mobley, an inmate currently confined at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC).  Specifically, Defendants include Assistant Resident Unit Supervisor Denise Gerth, Deputy Warden Lyle Rutter, Sergeant Unknown Tenuta, Unknown Rondou, Brenda Thompson R.N., Corrections Officer Jill Denman, Corrections Officer Unknown Kurth, Corrections Officer Unknown Briggs, Corrections Officer Unknown LaVigne, Corrections Officer Unknown Salmi, Resident Unit Officer Unknown Sebaly, Corrections Officer Unknown Bradley, and Nurse Unknown Scott, all of whom are employed at LMF.

Plaintiff's complaint alleges that he was assaulted by Defendants and denied meals in retaliation for filing grievances and complaints.  Plaintiff seeks compensatory and punitive damages.

Presently before the Court are Defendants' Motions to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. (Docket #27 and #40.) Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Initially, Defendants contend that Plaintiff's pauper status should be revoked and that the complaint should be dismissed because Plaintiff has three strikes. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners--many of which are meritless--and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-606 (6th Cir. 1998), *cert. denied*, 119 S. Ct. 1028 (1999); *accord Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir.); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Defendants state that Plaintiff has filed the following civil rights actions that were dismissed for failure to state a claim: *Mobley v. Weisinger, et al*, No. 2:05-cv-53 (W.D. Mich. Apr. 15, 2005); *Mobley v. Zewick, et al*, No. 2:04-cv-70537 (E.D. Mich. Aug. 26, 2004); *Mobley v. Meagher, et al.*, No. 2:03-cv-74588 (E.D. Mich. Dec. 1, 2003). In support of this, Defendants have attached copies of the first two opinions and/or orders of dismissal on No. 2:05-cv-53 and No. 2:04-cv-70537. (Defendants' Exhibits A and B.) In addition, Defendants have attached a copy of the docket sheet for No. 2:03-cv-74588, which shows that the action was summarily dismissed with prejudice prior to service on December 1, 2003. (Defendants' Exhibit C.) Therefore, it appears that Defendants are correct that Plaintiff has had at least three lawsuits which were dismissed on the grounds of frivolousness and/or failure to state a claim. *See Clark v. Wayne County*, No. 2:94-cv-72424 (E.D. Mich. Sept. 14, 1994) (ord.); *Clark v. Smith*, No. 1:92-cv-31 (W.D. Mich. Feb. 3, 1992) (ord.); *Clark v. City of Detroit*, No. 2:91-cv-73892 (E.D. Mich. Nov. 6, 1991) (ord.).

In addition, Defendants assert that Plaintiff's claim of imminent danger lacks merit. As noted by Defendants, the court received Plaintiff's initial complaint on November 16, 2007. In his complaint, Plaintiff alleges that his medication was removed from his cell on November 12, 2007, that two officers denied his request for health care, and that a nurse refused to check Plaintiff's blood pressure during rounds on November 13, 2007. (Plaintiff's complaint, docket #1, ¶¶ 22, 24, 26.) However, Defendants note that Plaintiff filed supplemental complaints in which he alleged that

he was examined by a prison doctor on November 15, 2007, and that replacement medications were ordered, which were delivered to him on November 16, 2007. (Plaintiff's supplemental complaints, docket #9, ¶¶ 1, 6, 7, and docket #10, ¶¶ 34, 40.) Defendants state that this does not rise to the level of imminent danger.

In response to this assertion, Plaintiff states that he placed his complaint in the prison mail system on November 14, 2007, at which time he was in imminent danger due to the denial of his blood pressure medication, as well as to the denial of meals and water. As noted by Plaintiff, a prisoner with three strikes is entitled to proceed with his action or appeal if he is in imminent danger at the time that he seeks to file his suit in district court. *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). A review of Plaintiff's initial complaint, as well as his supplemental pleadings, reveals that Plaintiff claimed to have been denied his meal tray on five occasions between November 4, 2007, and November 14, 2007, when he filed his complaint. In addition, Plaintiff claims that he was assaulted by Defendant Sebaly on November 12, 2007, while he was in restraints, which caused bleeding and inflammation on his forehead. Plaintiff claims that he suffered headaches as a result. Plaintiff also claims that on November 12, 2007, Defendant Sebaly turned the water pressure down in Plaintiff's cell so that he was unable to obtain water from his sink and had to drink out of the toilet. Based on the allegations in Plaintiff's complaint, particularly that he was being denied his prescribed medication for high blood pressure, the undersigned concludes that Plaintiff sufficiently alleged "imminent danger" at the time he filed his complaint. Therefore, the undersigned recommends that Defendants' request for revocation of pauper status be denied.

Defendants also claim that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. As noted by Defendants, a plaintiff must pursue all

levels of the administrative procedure before filing an action in federal court. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("While we recognize that plaintiff made some attempt to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.").

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Jul. 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being

grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ P, BB.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ DD.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 120 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges conduct which falls under the jurisdiction of the Internal Affairs Division pursuant to Policy Directive 01.01.140, such as sexual misconduct, the grievance may be submitted directly to Step III. *Id.* at ¶ Q.

Defendants state that Plaintiff filed two grievances regarding conditions at LMF in November of 2007 and eight additional grievances in January of 2008.  The earliest grievance is

dated November 18, 2007, after Plaintiff had already filed the instant complaint. In support of this contention, Defendants offer the affidavit of James Armstrong, Manager of the Grievance and Appeals Section of the MDOC. In his affidavit, Armstrong lists the grievances filed during the pertinent time period. In addition, Defendants attach copies of grievances filed by Plaintiff during this time period. (Defendants' Exhibit D.)

In response to this assertion, Plaintiff states that he should not be required to comply with the exhaustion requirement because he believed his life to be endangered by Defendants' conduct. However, such an assertion does not constitute an excuse for not complying with the exhaustion requirement. There is no indication that Plaintiff was any less likely to obtain prompt intervention in the alleged misconduct by utilizing the grievance system than he was by filing a lawsuit in federal court. In fact, as stated in Plaintiff's supplemental complaints, he was given replacement medications on November 16, 2007, the same day that his complaint was received by this court. Therefore, because Plaintiff has failed to comply with the exhaustion requirement, the undersigned recommends that Defendants be granted summary judgment.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motions for summary judgment. Accordingly, it is recommended that Defendants' Motions for Dismissal and/or Summary Judgment (docket #27 and #40) be granted and that this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                             /s/ Timothy P. Greeley
                                             TIMOTHY P. GREELEY
                                             UNITED STATES MAGISTRATE JUDGE

Dated:   February 12, 2009